IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-CV-406-S (BT) |
| | § | |
| OFFICE OF THE COMPTROLLER | § | |
| OF THE CURRENCY, ET AL., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cedric Greene, a California resident, filed this *pro se* motion for leave to file a civil action. Mot. (ECF No. 3). Upon review of the relevant pleadings and applicable law, the Court should dismiss this action without prejudice based on previous sanctions against Greene.

I.

Greene filed this motion for leave to file a civil action, but he did not attach a copy of his proposed complaint. Without stating what his claims are, he states he previously filed his claims in the Tenth Circuit, and he attached an order from the Tenth Circuit dismissing his case based on a previous Tenth Circuit sanction order. Mot. at 6 (ECF No. 3). Greene states the proper venue for his complaint is the Southern District of Texas, but he filed his motion in this Court because, "Dallas has created so many great legends. Dallas has a champion in the Welterweight

Division, America's Team, and a legendary Hall of Fame Quarterback" and "[w]hen Cedric Greene thinks of the State of Texas, he thinks Dallas." *Id*. at 3.

## II.

Greene has a very lengthy litigation history, having filed six other civil cases in this Court and over 180 cases nationwide.[1] At least two circuit courts and four federal district courts in California, Colorado, Utah, and Kansas have deemed him a vexatious litigant because he repeatedly engaged in a pattern of filing duplicative, abusive, and frivolous lawsuits, and have imposed pre-filing restrictions against him. *See Greene v. Sprint Nextel Corp.*, 750 Fed. Appx. 661, 666 & n.3 (10th Cir. 2018) (enjoining Greene from filing an appeal that raises the same or similar set of facts and noting pre-filing restrictions in the Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada); *Greene v. Men's Central Jail*, No. 2:11-CV-2359 (C.D. Ca. May 10, 2011) (unpublished order) (barring Greene from filing any complaint unless he has filed a motion for leave to file a complaint that includes a copy of the recommendation and order imposing the filing restrictions and a copy of the proposed complaint, and a judge of that court has granted him leave to file the complaint); *Greene v. Sprint*, No. 6:18-CV-1005, 2018 WL 851345, at *2 (D. Kan. Feb. 14, 2018) (same); *Greene v. Office of the Comptroller of the Currency*, No. 1:19-CV-00821 (D. Colo. June 13, 2019)

---

[1] The PACER Case Locator is available on the Public Access to Court Electronic Records (PACER) website at https://www.pacer.gov/.

(same); *Greene v. Gray*, No. 2:16-CV-804, 2017 WL 3705075, at *1 (D. Utah Aug. 28, 2017) (restricting ability to file a new case).

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants." *Ruston v. Dallas Cty., Tex.*, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (Fitzwater, J). "Pro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Id.* (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Additionally, courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Moreover, it is "obvious" that "one district court may enforce another's [district court's] sanctions." *Dominguez v. Scott*, 265 F.3d 1058, 2001 WL 872771, at *2 (5th Cir. July 5, 2001) (unpublished). It is equally obvious that, in appropriate circumstances, a district court may enforce "outstanding sanction orders of sister courts" outside the Fifth Circuit. *See Schmidt v. Van Buren*, 243 F. App'x 803, at *1-2 (5th Cir. 2007) (per curiam) (upholding the enforcement of a sanction order that rested in part on a sanction from the Southern District of New York (citing

3

*Balawajder v. Scott,* 160 F.3d 1066, 1067-68 (5th Cir. 1998)); *Contreras v. United States*, 2020 WL 2045398, at *2 (N.D. Tex. Apr. 1, 2020), *rec. accepted*, 2020 WL 2042363 (N.D. Tex. Apr. 28, 2020) (enforcing sanctions from District of Arizona); *Brown v. Mariam,* No. 4:18-CV-757-A (N.D. Tex. Sep. 26, 2018) (McBryde, J.) (same as to District of Columbia sanctions).

The primary basis for enforcing another court's sanction order is the doctrine of judicial notice. "One court may take judicial notice of another district court's judicial actions." *Sparkman v. Charles Schwab* & Co., 336 F. App'x 413, 415 (5th Cir. 2009). Indeed, courts can easily obtain records of litigation and unpaid sanctions from other courts. *Id.* And because the court is "not imposing any new sanction . . . there [is] no need to warn [the plaintiff] or allow him to challenge the sanction." *Id.*

Because Greene persists in filing frivolous and vexatious lawsuits, the Court should honor the sanction previously imposed against him in the Districts of Central California, Colorado, and Kansas. Here, Greene has failed to file a proposed complaint with his motion in accordance with the pre-filing restriction orders previously imposed against him in those Districts.

### III.

The Court recommends that this action be dismissed without prejudice based on the sanction orders previously imposed by the United States District Court for the Districts of Central California, Kansas, and Colorado.

Signed June 9, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).